IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT 25 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

EAGLEWOOD CONSULTING, LLC,
Plaintiff,

v.   Civil Action No. 2:10cv125

GRAPHIC PACKAGING INTERNATIONAL, INC.,
Defendant.

## OPINION AND ORDER

This matter comes before the Court on a Motion to Transfer ("Motion") filed by Defendant Graphic Packaging International, Inc. ("Defendant") on August 19, 2010. For the reasons stated herein, Defendant's Motion is **GRANTED** and the Court **ORDERS** this case to be transferred to the United States District Court for the Northern District of Georgia. Because this Court finds that a transfer of venue is appropriate, the Court declines to consider Defendant's Motion to Dismiss, filed on September 19, 2010, or Defendant's Amended Motion to Stay, filed on September 22, 2010.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a Delaware corporation headquartered in Marietta, Georgia, that manufactures and distributes various packaging products, including folding cartons, beverage packaging, labels, and bags. Specifically, Defendant's beverage packaging products are the foundation of Plaintiff's Complaint.

Plaintiff-Relator Eaglewood Consulting, LLC ("Plaintiff") is a New York limited liability company. On March 23, 2010, Plaintiff filed this *qui tam* action alleging that certain of Defendant's beverage packaging products are marked with expired patents or patents that do not cover the product, in violation of 35 U.S.C. § 292. The Complaint

states that this Court has personal jurisdiction over Defendant by virtue of Defendant's folding carton facility in Richmond, Virginia, as well as its business sales within the Eastern District of Virginia. Complaint ¶¶ 7–8. Plaintiff further states that venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1395(a). Defendant counters that its facility in Richmond is closed and did not manufacture the products at issue in the present case. Defendant's Memorandum at 4. Nonetheless, Defendant does not object to Plaintiff's statement of personal jurisdiction or venue. Rather, Defendant moves to transfer this case to the District Court for the Northern District of Georgia based on the slight connection between the Eastern District of Virginia and this action.

## II.  LEGAL STANDARD

In a federal question case such as the one presently before the Court, venue is proper (1) where the defendant resides, (2) where a "substantial part of the events or omissions giving rise to the claim occurred," or (3) in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). A corporate defendant is said to "reside" for venue purposes in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." § 1391(c). Notwithstanding proper venue, a Defendant may move to transfer the action to another jurisdiction pursuant to 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) restricts transfer only to other districts wherein the action "might have been brought," thereby requiring that the transferee court both have personal jurisdiction over the Defendant and be a place of proper venue. Corry v. CFM Majestic, Inc., 16 F. Supp. 2d 660, 663 (E.D. Va. 1998).

A district court has "broad discretion to grant or deny a motion to transfer to another district." Landers v. Dawson Const. Plant, Ltd., 201 F.3d 436, 1999 WL 991419 at *2 (4th Cir. 1999). Factors relevant to determining whether an action should be transferred include "plaintiff's choice of venue, witness convenience and access, party convenience, and the interest of justice." Corry, 16 F. Supp. 2d at 666; see also Landers, 1999 WL 991419 at *2 (including also the interest of having local controversies decided at home). While a Plaintiff's choice of venue is generally to be accorded substantial weight, see Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984), where neither plaintiff nor defendant has a significant connection to the forum and the events giving rise to the action did not occur in the forum, the general preference for plaintiff's choice is "of little moment." Corry, 16 F. Supp. 2d at 666. As a corollary, in a *qui tam* action, where the plaintiff is but one of "hundreds of potential plaintiffs . . . all of whom could with equal show of right go into their many home courts," a *qui tam* plaintiff's choice of forum is to be accorded less weight. S.F. Tech., Inc., v. Glad Prod. Co., No. 10cv966 JF (PVT), 2010 WL 2943537, at * 7 (N.D. Cal. July 26, 2010) ("[A] plaintiff's choice of forum is entitled to less weight in a *qui tam* action); see also United States ex rel. LaValley v. First Nat'l Bank of Boston, 625 F. Supp. 591, 594 (D.N.H.1985) (same).

### III. ANALYSIS

A Motion to Transfer pursuant to Section 1404(a) requires the Court to engage in a two-step analysis. First, the Court must consider whether the action could have been originally brought in the proposed transferee forum. Second, the Court must weigh the equitable considerations to determine which forum best serves the interests of justice.

### A. The Instant Action Could Have Been Brought Before the District Court for the Northern District of Georgia

Section 1401(a) requires that a transferee court both have personal jurisdiction over the defendant and be a proper place of venue.[1] A federal court has personal jurisdiction over a defendant if the state in which the court sits would have personal jurisdiction. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997) (citing Fed. R. Civ. P. 4(k)). A state court, in turn, has personal jurisdiction over a defendant pursuant to state statutory authority that does not run afoul of the Due Process Clause of the Fourteenth Amendment. Hardy v. Pioneer Parachute Co., 531 F.2d 193, 195 (4th Cir. 1976). By statute, Georgia's jurisdiction "extends to all persons while within [the state's] limits, whether as citizens, denizens, or temporary sojourners," Ga. Code Ann. § 50-2-21(a), the constitutionality of which has been upheld by the Supreme Court of Georgia. Humphrey v. Langford, 273 S.E.2d 22 (Ga. 1980). As a Delaware corporation with a principle place of business in Marietta, Georgia, Defendant is amenable to process proceedings in Georgia. Without doubt, then, the District Court for the Northern District of Georgia could claim personal jurisdiction over Defendant.

In addition, venue would also be appropriate in the Northern District of Georgia. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in "a judicial district where any defendant resides." A corporation "resides" in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." § 1391(c). Because the

---

[1] The Court here engages in a brief personal jurisdiction and venue analysis to acknowledge that a defendant cannot waive personal jurisdiction and venue for purposes of § 1404(a). See Hoffman v. Blaski, 363 U.S. 335, 343–44 (1960). Thus, the fact that neither Plaintiff nor Defendant contests personal jurisdiction or venue does not end the inquiry.

Northern District of Georgia unquestionably has personal jurisdiction over the Defendant, it also is a place of proper venue for this action under § 1391.[2]

### B. The Balance of the Equities Warrants Transferring This Case to the District Court for the Northern District of Georgia

Given that the instant action could have been brought in the Northern District of Georgia, this Court can identify no compelling reason that the case should not be litigated there. Indeed, the Eastern District of Virginia seems to have no connection to this litigation. It is apparent from Plaintiff's Memorandum in Opposition that Plaintiff chose to file this action in the Eastern District of Virginia to take advantage of this district's swift docket. According to Plaintiff, cases tried in the Eastern District of Virginia proceed to trial in one-third of the time it takes to try a case in the Northern District of Georgia. Plaintiff's Memorandum in Opposition at 9. Oddly, Plaintiff relies on a 2000 opinion written by Judge Friedman for the proposition that "docketing decisions can be relevant to the interests of justice." Id. (citing Ion Beam Applications S.A. v. Titan Corp., 156 F. Supp. 2d 552, 562 (E.D. Va. 2000)). Plaintiff is correct to say that Ion Beam is on point, yet, there, Judge Freidman transferred the patent infringement action to the Southern District of California after finding the Eastern District of Virginia to be "neither the defendant's nor the plaintiff's home forum . . . ." Ion Beam, 156 F. Supp. 2d at 560.

Aware of an expeditious docket's magnetism, courts within the Eastern District of Virginia routinely transfer actions having no discernible connection to this district. See, e.g., Cognitronics Imaging Sys., Inc. v. Recognition Research, Inc., 83 F. Supp. 2d 689,

---

[2] Again, neither Plaintiff nor Defendant contests that this action could have been initiated in the Northern District of Georgia.

699 (E.D. Va. 2000) (" 'The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner.' " (quoting Schlegel U.K. Holdings Ltd. v. Cooper Tire & Rubber Co., No. 970522-A, slip op. at 18 (E.D. Va. June 10, 1997)); GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 520 (E.D.Va. 1999) ("Docket conditions, although relevant, are a minor consideration when all other reasonable and logical factors would result in a transfer of venue."). Aside from docket considerations, the Court struggles to find any other factor which counsels in favor of retaining this action.

Relevant to consideration of a Motion to Transfer are "plaintiff's choice of venue, witness convenience and access, [and] party convenience," Corry, 16 F. Supp. 2d at 666, each of which in this case favors transferring to Georgia. As already mentioned, a *qui tam* plaintiff's choice of forum is entitled to little consideration, Corry, 16 F. Supp. 2d at 666, and is further diminished where, as here, "the chosen forum is neither the defendant's nor the plaintiff's home forum." Ion Beam, 156 F. Supp. 2d at 560. Plaintiff protests that it has no contacts and does no business in Georgia. Plaintiff's Memorandum in Opposition at 6. Yet, neither does Plaintiff claim to have contacts or a business connection to the Commonwealth of Virginia.

As for the convenience of party witnesses, according to Defendant and uncontested by Plaintiff, Defendant's beverage products are manufactured in Georgia, Ohio, Louisiana, and Tennessee. Defendant's Memorandum at 4. All business decisions concerning Defendant's beverage packaging products, as well as the sale and promotion of all of Defendant's products are made in Marietta, Georgia. Defendant's Memorandum at 3. Difficult as it may be at this stage of litigation to precisely name witnesses who will be called upon to testify, as Plaintiff has pointed out, the Court need not stretch its senses

to conclude that many witnesses will be travelling from Defendant's headquarters in Georgia. Principally at issue in this case will be the question of Defendant's intention to deceive the public. 35 U.S.C § 292 (stating that false marking violates §292 only if done for the purpose of deceiving the public). Arguably, Defendant's intention to act in any manner is reflected by the actions and statements of its officers and managers, all of whom are located in Georgia. The convenience of party witnesses, then, counsels in favor of transfer.

Further, many of the documents relating to the marketing and design of Defendant's beverage packaging products are stored in Marietta, and Plaintiff notes that Defendant's Graphic Department, responsible for physically placing patents on Defendant's products, is located in Concord, New Hampshire. Plaintiff's Memorandum in Opposition at 5. As such, Plaintiff states that it anticipates having to travel to Georgia and New Hampshire to obtain documents and depose witnesses. Surely then, convenience to the parties would suggest litigating in Georgia or New Hampshire, but certainly not Virginia.

Lastly, in a thinly veiled attempt to create some connection between this case and the Eastern District of Virginia, Plaintiff asserts that it intends to elicit the testimony of beverage distributors and certain of Defendant's competitors in Virginia. Plaintiff's Memorandum in Opposition at 7. Yet, Plaintiff offers no explanation as to why these witnesses, as opposed to distributors and competitors in Georgia, or New Hampshire, or in any other state for that matter, might be so crucial to the presentation of its case as to weigh against transfer. Defendant is a global packaging operation, presumably with distributors and competitors nationwide. Plaintiff's intention to offer the testimony of Defendant's competitors creates no more connection to Virginia than it does to any other

state with which Defendant has a business connection. The convenience of non-party witnesses, then, appears to be a neutral factor, weighing neither in favor of nor against transfer.

This Court finds in the "interests of justice" that this action should be transferred to the Northern District of Georgia.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED** and the Court **ORDERS** this case to be transferred to the United States District Court for the Northern District of Georgia. Additionally, the Court declines to consider Defendant's Motion to Dismiss, filed on September 19, 2010, or Defendant's Amended Motion to Stay, filed on September 22, 2010.

The Clerk of the Court is **DIRECTED** to forward all pleadings to the United States District Court for the Northern District of Georgia. If the Clerk is unable to electronically forward these documents, the Clerk shall mail copies of all pleadings to the Clerk of Court for the Northern District of Georgia. The Clerk of the Court is further **DIRECTED** to deliver a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Norfolk, Virginia

October 25, 2010

/s/
Robert G. Doumar
Senior United States District Judge